WO                                                                                          MH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark W. Elliott, | No. CV 21-01480-PHX-MTL (MTM) |
| Petitioner, | |
| v. | **ORDER AND ORDER TO SHOW CAUSE** |
| William M. Lothrop, | |
| Respondent. | |

On August 26, 2021, Petitioner Mark W. Elliott, who was then confined in the Federal Correctional Institution-Phoenix, filed a pro se Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1). On September 2, 2021, Petitioner paid the $5.00 filing fee. On September 14, 2021, Petitioner filed a Notice of Change of Address indicating he has been released from prison. The Court will dismiss Ground One of the Petition and require Petitioner to show cause why this action should not be dismissed as moot.

**I.   Background**

On March 23, 2018, Petitioner was convicted in United States District Court for the District of New Mexico of one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to a 51-month term of imprisonment, to be followed by a three-year term of supervised release. *United States v. Elliott*, CR 16-02686-JCH-1 (D.N.M.), Doc. 73. Petitioner's sentence was ordered to run concurrently to a sentence imposed by a New Mexico state court. *Id.* On

JDDL

1  August 15, 2019, Petitioner was charged in CR 19-03349 with escape from custody, in
2  violation of 18 U.S.C. § 751(a).  *United States v. Elliott*, CR 19-03349-JCH-1 (D.N.M.),
3  Doc. 1.  He was arrested on September 4, 2019, *id.*, Doc. 3, and, after pleading guilty, was
4  sentenced on July 6, 2020, to a 15-month term of imprisonment to be followed by a three-
5  year term of supervised release, *id.*, Doc. 42.  Petitioner filed a notice of appeal on July 20,
6  2020, *id.*, Doc. 43, but later moved to dismiss that appeal, and on November 9, 2020, the
7  Tenth Circuit Court of Appeals granted his motion, *United States v. Elliott*, No. 20-2103
8  (10th Cir.).

9  Petitioner has named William M. Lothrop as Respondent.  In his Request for Relief,
10 Petitioner asks the Court to "[h]onor the '176 days' of pre-sentence time ordered by the
11 Court" and "credit [him] back the '121 days' forfeited."

12 **II.    Ground One**

13 In Ground One of the Petition, Petitioner claims that his conviction in CR 19-03349
14 violated his due process rights when hearings were held in his absence and he was denied
15 "notice of the actions" and "notice of sanctions."

16 A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is generally the
17 appropriate method for challenging a federally imposed conviction or sentence, including
18 a challenge that "the sentence was imposed in violation of the Constitution or laws of the
19 United States, or that the court was without jurisdiction to impose such sentence, or that
20 the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a);
21 *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  A § 2241 petition for writ of
22 habeas corpus is not a substitute for a motion under § 2255.  *McGhee v. Hanberry*, 604
23 F.2d 9, 10 (5th Cir. 1979).

24 The Court will not consider a § 2241 petition by a prisoner authorized to apply for
25 § 2255 relief "if it appears that the applicant has failed to apply for relief, by motion, to the
26 court which sentenced him, or that such court has denied him relief, unless it also appears
27 that the remedy by motion is inadequate or ineffective to test the legality of his detention."

28

28 U.S.C. § 2255(e); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). This exception is narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

The § 2255 remedy **is not** inadequate or ineffective merely because the statute of limitations bars Petitioner from filing a motion under § 2255, the sentencing court has denied relief on the merits, or § 2255 prevents Petitioner from filing a second or successive petition. *See Ivy*, 328 F.3d at 1059; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *Tripati*, 843 F.2d at 1162. The § 2255 remedy **is** inadequate or ineffective "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)). In determining whether a petitioner has had an unobstructed procedural shot to pursue his claim, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060-61).[1]

The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. *McGhee*, 604 F.2d at 10; *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). Petitioner has neither argued or shown that a remedy under § 2255 is inadequate or ineffective. Therefore, Petitioner has

---

[1] Petitioner did not file a § 2255 motion in CR 19-03349 and it appears his time to do so may not yet have expired. Pursuant to § 2255(f), a prisoner attacking the validity of his conviction or sentence typically must file his motion within one year of the date on which the judgment of conviction becomes final. When a prisoner files an appeal that is subsequently dismissed voluntarily, his conviction becomes final on the date of that dismissal. *United States v. Garibay-Mares*, No. CR 05-1260 PHX-NVW, 2008 WL 4630343, at *5 (D. Ariz. Oct. 20, 2008); *United States v. Martin*, Nos. 3:02CR283R, 3:05CV836P, 2008 WL 4211153, *4 (N.D. Tex. Sept. 12, 2008).

JDDL

failed to meet that burden here. Ground One of the Petition will therefore be dismissed. *See* 28 U.S.C. § 2255(a); *Tripati*, 843 F.2d at 1163.

### III.  Ground Two

In Ground Two, Petitioner appears to claim that the Federal Bureau of Prisons miscalculated his sentences in CR 16-02686 and CR 19-03349; according to Petitioner, he had served "every last day of [b]oth sentences" by September 9, 2021. As noted above, Petitioner has been released from prison, subject to supervised release. Accordingly, it appears Petitioner's claim regarding the miscalculation of his prison sentence is moot because he has been released. Petitioner will therefore be required to show cause, **in writing and within 21 days**, why this action should not be dismissed.

### IV.  Warnings

#### A.  Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B.  Copies

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

#### C.  Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

**IT IS ORDERED:**

(1) Ground One of the Petition is **dismissed**.

(2) Within **21 days** from the date this Order is filed Petitioner must file a written response to this Order showing good cause why this action should not be dismissed as moot.

(3) The Clerk of Court must enter a judgment of dismissal of this action as moot without further order of the Court if a response to this Order is not filed within 21 days from the date this Order is filed.

Dated this 24th day of September, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge